UNIVERSAL INSURANCE COMPANY, PLAINTIFF-APPELLANT, v. MILLSIDE FARMS, INCORPORATED, DEFENDANT-RESPONDENT.

Submitted October 5, 1937—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the appellant, *Carroll & Taylor.*

For the respondent, *Worth & Worth.*

The opinion of the court was delivered by

DONGES, J.    This is an appeal from a judgment of the District Court of the First Judicial District of the county of Burlington in favor of the defendant and against the plaintiff.

The undisputed facts are that the plaintiff, Universal Insurance Company, issued a policy of collision insurance covering a truck of the defendant, Millside Farms, Incorporated.    This truck was damaged by a collision with a train of the Pennsylvania Railroad Company.    It was shown by proof of loss filed by defendant that the value of the truck was $650 before the collision and $50 after.    The policy was what is known as the $100 deductible type, leaving the amount of $500 due under the policy and this amount was paid by the plaintiff to the defendant.

The policy of insurance contained a subrogation agreement in the following language:  "This Company may require from the assured an assignment of all right of recovery against any party for loss or damage to the extent that payment therefor is made by this Company."    The proof of loss executed by the defendant contained an assignment in accordance with this clause.

After executing the proof of loss and receiving payment of its loss from the plaintiff, defendant accepted the sum of $122 from the Pennsylvania Railroad Company in satisfaction of its claim against that company and executed a general release to the railroad company releasing it from all claims arising out of the collision.    This was without the knowledge on the part of the railroad of the right of subrogation, and without the knowledge or consent of the plaintiff.

The present action was then instituted seeking a return of the sum of $500 paid by the plaintiff to the defendant under the policy.

The trial court found as a fact that the policy of insurance was applied for, countersigned and delivered in the State of Pennsylvania and the plaintiff contends that for this reason the law of that state governs the relations of the parties.    We think this is so.    *Northampton Mutual Live Stock Insurance Co.* v. *Tuttle,* 40 *N. J. L.* 476.    Plaintiff offered as a witness

an expert on the law of Pennsylvania, who testified that under the leading case of *Illinois Automobile Insurance Exchange* v. *Braun* (*Supreme Court of Pennsylvania*), 124 *Atl. Rep.* 691, the remedy the plaintiff was seeking was the proper one and it was entitled to recover the full amount it had paid defendant. An examination of the opinion in that case supports this statement of the law.

The court below, however, held that it was without jurisdiction and that plaintiff's only remedy in the courts of this state was by an action in equity based upon the fraud of the defendant. He held that no breach of the contract of insurance had been committed.

While it may be that a cause of action in equity exists to impress a trust upon the amount received by an insured in settlement of a cause of action with a *tort feasor* contrary to the policy of insurance, we are of opinion that this is not the exclusive remedy. We are further of the opinion that the conduct of the defendant in this case amounted to a breach of the original contract of insurance. If the settlement with the railroad company had taken place before demand was made of the plaintiff under the insurance policy, it cannot be denied that plaintiff would have been relieved from its liability under the policy. The action of the defendant has the same legal character when committed after payment to it by the insurance company as it would have when committed before such payment. Defendant breached the contract and plaintiff, therefore, was entitled to recover the amount it had paid in fulfillment of the contract and in reliance upon performance thereof by the defendant. The reasoning of *Illinois Automobile Insurance Exchange* v. *Braun, supra,* is sound and is applicable to the facts of this case.

The judgment is reversed, and remanded to the District Court with instructions to enter judgment for the plaintiff.