DISTRICT COURT OF THE CITY OF TRENTON.

THE CENTURY INSURANCE COMPANY, LTD., PLAINTIFF, v. JOHN JOACHIM, DEFENDANT.

Decided August 12, 1939.

For the plaintiff, *Edwards, Smith & Dawson.*

For the defendant, *Arthur A. Salvatore.*

PELLETTIERI, D. C. J. This is a suit instituted by the plaintiff insurance company to recover money paid by it to the defendant on the theory that the defendant had breached a subrogation agreement entered into with the plaintiff. The plaintiff, under the terms of a certain policy issued to the defendant, John Joachim, agreed to indemnify the defendant against loss by reason of the damages or destruction of an automobile owned by him. On or about February 25th, 1938, the automobile was damaged in a collision with another automobile owned and operated by Harold Agans, and on or about March 12th, 1938, the insurance company paid to the assured the sum of $155, the extent of its liability under the terms of the policy, demanding back from the assured a subrogation receipt, which expressly recognized the company's right to subrogation and contained a formal assignment of all claims against third parties to the extent of the amount of the payment.

It is admitted that when the insurance company paid ·to the assured the loss for which it had agreed to indemnify him, it became subrogated to any claim for the same damages

which the assured might have against the wrongdoer who had caused the damage.

Some time later plaintiff, acting in accordance with its subrogation rights, instituted an action against the said Harold Agans in the name of the defendant, John Joachim. It was then advised Agans held a general release from Joachim releasing all claims that Joachim had against Agans; which general release had been given subsequent to the payment made by the plaintiff to the defendant. No disposition was made of said suit and plaintiff thereafter instituted the present action for the damages resulting to it by reason of the defendant's breach of the subrogation agreement.

By way of defense it is contended that there is no liability on the part of the defendant because the release was given by him to Agans for a nominal consideration of $1. The plaintiff, however, submits that the release was given in consideration of a release executed and delivered by Agans to the defendant releasing the defendant from any claims which the said Agans may have had against him. The plaintiff further takes the position that by the release to Agans the defendant, Joachim, has destroyed the right of action which the insurance company had against Agans.

It is well settled in this state that a release does not destroy the right to recover against the wrongdoer which the insurance company obtained by subrogation when it paid its assured for the loss sustained by the damages to his automobile, if the wrongdoer paid less than the full damages caused by his negligence and obtained the release with knowledge that the insurance company had paid to the assured all those damages under the insurance policy. *Fire Association of Philadelphia* v. *Wells,* 84 *N. J. Eq.* 484; 94 *Atl. Rep.* 619. There is no evidence in this case on whether or not Agans had such knowledge.

Even if it should appear that in fact the release was taken by Agans without knowledge that the insurance company was subrogated to part of Joachim's claim against Agans and was intended to cover all of the damages suffered by Joachim, it would still appear that the insurance company should recover only for the loss it has sustained by that release. If

Joachim has acted wrongfully and in derogation of the rights of the insurance company, he should pay the damages which he has caused. After payment of the insurance money, the insurer became the equitable owner of any right of action of the assured to recover the same damages against the person primarily liable. But where the insurance company asserts a claim against the assured for wrong and damages alleged to have been caused to it by the assured, it must in such case show that in fact the wrong has been committed and also the damages caused thereby. In order to prove damage, it must show that in fact it might have recovered against Agans as a wrongdoer. There is no such proof in this case.

The plaintiff insurance company relies upon the opinion of Mr. Justice Donges in the case of *Universal Insurance Co.* v. *Millside Farms, Inc.,* 119 *N. J. L.* 535; 197 *Atl. Rep.* 648. It is my opinion that this decision is not applicable to the facts of the instant case because the New Jersey Supreme Court in the Universal Insurance Co. case, *supra,* was interpreting a Pennsylvania contract and in so doing applied the law of Pennsylvania.

For all of the reasons above set forth, there will be a verdict of no cause of action.