WEST, et al. *v.* AETNA INSURANCE COMPANY.

In Banc. April 10, 1950.

No. 37451 (45 So. (2d) 585)

D. W. Conner, for appellants.

J. E. Stockstill, for appellee.

Hall, J.

Appellee insured a motor truck of Goodyear Yellow Pine Company against damage by collision. This truck was damaged by a collision with a truck of appellants, whereupon appellee settled with Goodyear and, pursuant to the subrogation clause in its policy, took from Goodyear an assignment in its favor of the cause of action for said damage, brought suit and recovered a judgment upon the verdict of a jury against appellants in the amount of $414.10.

Appellants contend that they were entitled to a peremptory instruction for two reasons. The first is that there was no proof identifying the truck which caused the damage as being the property of appellants. We have examined the record and find that at least seventeen times the truck was identified by the witnesses as being the property of appellants, and furthermore the driver thereof was identified as one of the regular drivers for appellants. Not one word of proof was offered to dispute these two facts which were abundantly established

by the evidence, and we therefore find this contention without merit.

The second reason advanced in favor of the contention that appellants were entitled to a peremptory instruction is that there was no proof that their driver at the time of the collision was under their control or acting within the scope of his employment. The truck in question was a commercial vehicle and was being driven by one Red Farmer, an employee of appellants. In Merchants Co. v. Tracy, 175 Miss. 49, 60, 166 So. 340, 343, it was held that ██ "Where the general relationship of master and servant is shown a rebuttable presumption is raised that the servant at the time of the accident was engaged in the scope of his employment and in the furtherance of the business of the master," citing Barmore v. Vicksburg S. & P. Ry. Co., 85 Miss. 426, 38 So. 210, 70 L. R. A. 627, 3 Ann. Cas. 594; Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318; Southern Bell Telephone & Telegraph Co. v. Quick, 167 Miss. 438, 149 So. 107. While such a presumption is not conclusive it is nevertheless sufficient to make out plaintiff's case and demands proof in rebuttal thereof. The appellants here offered not one word of proof to show that Farmer was not their driver or that he was not acting at the time of the collision within the scope of his employment and in furtherance of their business. In fact appellants offered only one witness; he testified that he came along the highway after the collision and saw both trucks and stopped and inquired of Red Farmer whether he was injured, and, finding that he was not, drove on without getting out of his truck or inspecting the roadway for signs which might indicate whether Farmer was on the wrong side of the highway as established by the witnesses for appellee. Consequently appellants' contention is not well taken.

 The next assignment is that the trial court erred in admitting over appellants' objection the testimony of J. E. Mayo, Secretary of Goodyear Yellow Pine

Company, wherein he identified the draft issued by Aetna in favor of Goodyear covering its liability under the policy and also the instrument, executed by Goodyear whereby it assigned to Aetna the cause of action for the damage. This evidence was a necessary part of appellee's proof in establishing its right to bring the suit, and its admission was not error.

The next complaint is directed at the granting of an instruction to appellee which allegedly assumed that the truck which inflicted the damage was owned by appellants. We do not think that the instruction so assumes, but, even if it did, this would not be error because it was not disputed that appellants did in truth own it. In fact under the record before us the appellee was entitled to a peremptory instruction on the whole question of liability of appellants for the reason that is was shown without any dispute that appellants' truck came approximately thirty inches across the center line and onto the wrong side of the highway and ran into the left rear wheel of the Goodyear truck at a time when the two trucks were meeting each other and at a time when the Goodyear truck was wholly upon its side of the highway. This conclusion also disposes of the contention that appellants were entitled to an instruction which was refused. The judgment of the lower court is therefore affirmed.

Affirmed.