## SULLIVAN *v.* McCORMICK

No. 40208 October 15, 1956 90 So. 2d 7

*L. B. Agnew,* Jackson, for appellant.

*Wm. L. Waller,* Jackson; *O. B. Triplett, Jr.,* Forest, for appellee.

McGEHEE, C. J.

The appellee, H. F. McCormick, sued the appellant, Albert Sullivan, in the Chancery Court of Hinds County for the reformation of a deed of trust given by the defendant on September 7, 1954, to secure the payment of a promissory note for $2,075.80, for most of the purchase price, including interest to maturity, insurance, etc., on a Tandem Van Trailer. The bill of complaint also sought the determination and adjudication of the amount due by the defendant to the complainant under the terms of the promissory note; to have a lien declared upon the Tandem Trailer and an order for the sale of the same to enforce the payment of such lien; and to appoint a commissioner to foreclose the alleged lien.

The reformation of the deed of trust was sought on the ground of an alleged mutual mistake of the parties in describing the Tandem Trailer in the deed of trust. An answer and cross bill were filed by the defendant and cross-complainant Sullivan denying that there had been a mutual mistake in describing the trailer in the deed of trust, and the cross bill alleged that the cross-defendant McCormick had represented to the cross-com-

plainant that the trailer was a 1951 Fruehauf Tandem Van Trailer whereas, in truth and in fact, the same was actually a 1946 Trailmobile Tandem Van Trailer, and that because of such representation the cross-complainant was entitled to have the promissory note and deed of trust set aside and held for naught. The cross bill further alleged that usurious interest had been contracted for and included in the face of the note for $2,075.80, which bore interest on its face at the legal rate of six percent per annum after maturity, and that for this reason the complainant was not entitled to recover any interest on the debt.

The purchase price charged the defendant by the complainant was the sum of $2,150.00, but on which purchase price the seller was to give a credit of $650.00 in exchange for a Nabor's Trailer which was traded to the seller by the purchaser and the latter was to receive as a credit on the note any excess of $650.00 that the complainant may be able to get on a resale of the trailer traded in by the defendant. The complainant later sold the Nabor's Trailer for $1,000.00.

There is no dispute in regard to the facts alleged in the cross bill as to the charging of usurious interest on the note nor as to the facts alleged in the next preceding paragraph of this opinion as to the credit that the defendant was to receive on the purchase price of $2,150.00 for the Tandem trailer by reason of the fact that the defendant had turned in his Nabor's Trailer on the trade.

It appears from the evidence without dispute that the appellee, who lived at Forest, Mississippi, had purchased the trailer through one Abernathy from the Fruehauf Trailer dealer in Jackson, and the chancellor therefore found that the appellee was under the impression that the same was a Fruehauf Trailer. Moreover, when the appellant, together with his wife and John Wesley Flowers and Joseph Chambers, went to the City of Forest and contacted the appellee, who was an experienced deal-

er in used trucks, trailers, etc., and had been in that business for nearly 20 years, he represented to the appellant, as a proposed buyer of the trailer in question, that the same was a 1951 Model Fruehauf Tandem Van Trailer, and the chancellor so found as against the testimony of the appellee, who said nothing was said about either the year or make of the trailer. The purchase was not closed on that day, but upon the return of the appellant to Forest a few days later the deal hereinbefore stated was agreed upon, and when they were ready to prepare and execute the note and deed of trust for the balance of the purchase price an effort was made to ascertain the serial number of the trailer proposed to be sold by the appellee and no number was then found thereon. It was then decided that a number would be placed on the trailer for identification purposes as being serial No. 4146 by the use of an acetylene torch. The trailer was then described in the deed of trust as the ''one and only Fruehauf Tandem Van 32 Ft. with serial No. 4146''. The deed of trust having thus described the trailer, the note and deed of trust were then executed by the appellant.

There is nothing in the proof to indicate that the appellee ever withdrew the representations that he made on the former occasion in the presence of the appellant, his wife and John Wesley Flowers and Joseph Chambers, to the effect that the trailer which the appellant had observed and proposed to buy was a 1951 Model Fruehauf Tandem Van Trailer. In fact, the appellee testified that he did not know on the occasion of the appellant's first visit to his place of business what make or model trailer he was proposing to sell. He had been in the business of handling used trucks, trailers, etc., for nearly 20 years and he introduced two witnesses who had had far less experience in that business than he, and who testified that they could tell a 1951 Fruehauf Trailer from a 1946 Trailmobile Tandem Van Trailer. The record is clear that at the time the appellee made the repre-

sentation, which the chancellor found he had made and which the appellant relied on, the appellee had not made any effort to ascertain either from the Fruehauf dealer in Jackson or from an examination of the trailer itself as to what make or model it was, and the appellant was inexperienced in the matter of determining the model or make of a trailer from a mere observation of the same.

On November 28, 1954, after the sale was consummated on September 7, 1954, the $2,150.00 trailer purchased by the appellant from the appellee became involved in a wreck or collision in the State of Tennessee, and it was then discovered for the first time by an insurance adjuster that the trailer was a 1946 Model Trailmobile Tandam Van Trailer, bearing factory serial number 46-102-11089, whereas the appellee had procured the insurance thereon, a charge for which was included in the amount of the note and deed of trust, and had furnished the local insurance agent at Forest the description contained in the insurance policy as being a 1951 Model Fruehauf Tandem Van Trailer. The insurance adjuster recognized that the wreck or collision of the trailer had resulted in a loss of $1,500.00 and agreed to pay the appellant only the sum of $935.00 therefor after the appellant had agreed to pay $350.00 for the salvage value of the same. The appellant accepted the $935.00 and retained the trailer. The policy contained a $250.00 deductible provision. While it is not fully developed in the record, the insurance adjuster evidently took advantage of the fact that his policy covered a 1951 Model Fruehauf Tandem Van Trailer and not the 1946 Model Trailmobile Tandem Trailer bearing factory serial number 46-102-11089.

The chancellor stated in his finding of fact that: ''Although the evidence is sufficient to establish that the complainant represented to the defendant at the time of the purchase of the trailer in question that the trailer was a 1951 Model Fruehauf Tandem Van Trailer when in

fact the trailer was a 1946 Trailmobile Tandem Van Trailer, the evidence is insufficient to show that the defendant has suffered any damages as a result of such representation.''

The proof discloses that after the appellant thereupon learned for the first time that the trailer was a 1946 Model Trailmobile Tandem Van Trailer instead of a 1951 Model Fruehauf Tandem Van Trailer, he sought an adjustment on the balance of the purchase price, represented by the note and deed of trust. While it is not fully developed by the proof, he was evidently not able to rescind the sale in toto since the trade-in trailer had been sold to a third party at the sum of $1,000.

The result was that the appellant used the $935 paid to him by the insurance company and caused the trailer that he had purchased from the appellee to be repaired. The proof is silent as to whether or not it was in as good condition after being repaired, following the wreck or collision, as it was prior thereto.

The appellant had made no payments on the note prior to that time except as to credits to which he was entitled on the resale of his own Nabor's Trailer by the appellee.

 We do not think that under the foregoing statement of the facts the appellee, who brought this suit, was entitled to have the deed of trust reformed so as to describe therein ''One 1946 Model Trailmobile Tandem Van Trailer, bearing factory serial No. 46-102-11089'', since the proof shows, according to the finding of the chancellor, that the appellant thought he was buying, and intended to give a deed of trust on, a 1951 Model Fruehauf Tandem Van Trailer. Neither party mentioned a 1946 Model Trailmobile Tandem Trailer or had the same in mind. There was no mutual mistake. The seller merely represented that the trailer was a 1951 Model Fruehauf Tandem Van Trailer without knowing what year or make it was, and in reckless disregard of whether it was such a trailer or not, since he had negligently failed

to ascertain either from his vendor or from an examination of the trailer itself as to whether or not it was what it was being represented to be. He may have been under the impression, as found by the chancellor, that it was a Fruehauf trailer on account of the fact that Abernathy through whom he purchased the trailer had obtained the possession of it from a Fruehauf dealer here in Jackson. But he found as a fact that the appellee furnished the information on which the trailer .was described in the deed of trust and found that the appellant relied on that information. Moreover, the appellee admitted that he furnished to the local insurance agent at Forest the information on which he described the trailer in the insurance policy as being a 1951 Model Fruehauf Tandem Van Trailer, that is to say, he took out the insurance on that description, and with the result that the trailer was described in the insurance policy as an entirely different trailer from the model and year of the one actually involved in the wreck or collision.

■■ ■ The proof being insufficient to show a mutual mistake of the parties, we do not think that the appellee as complainant in the chancery court was entitled to have the deed of trust reformed. Nor do we think that the appellee was entitled to enforce the collection of any balance that may be due him except by means of the enforcement of a purchase money lien as provided by law which would not carry a liability in the sum of $233.52 as a reasonable attorney's fee, or any other sum as attorney's fee provided for in the note for the payment of which the deed of trust was given to secure. In other words, the appellee would only be entitled to collect such indebtedness against the trailer as may be justly and legally due him, and at the legal rate of interest of 6 percent per annum.

Even if it should be conceded that there was a mutual mistake of the parties in regard to the kind of trailer the purchaser was buying and intended to describe in

the deed of trust, then under the testimony in this record we would have a case for the application of the general rule laid down in an annotation in 45 A. L. R. 700 to the effect that if a party is grossly and inexcusably negligent in the execution of a contract, he is not entitled to have it reformed to relieve him from the consequences of that negligence. See also 45 Am. Jur., Reformation of Instruments, p. 78. Under the testimony on behalf of the appellant, which the chancellor found to be true, the appellee made the representation to the appellant that the trailer in question was a 1951 Model Fruehauf Tandem Van Trailer at a time when he as seller thereof had not made any inquiry of the Fruehauf dealer from whom the trailer was purchased by his agent Abernathy nor made an examination and inspection of the same as to what year or make it was; and without such knowledge he continued to represent the same as a Fruehauf trailer when taking the deed of trust and in taking out the insurance thereon.

The chancellor found as a fact on conflicting evidence that a 1946 Model Trailmobile would be worth as much as a 1951 Fruehauf Trailer, if each were shown to be in good condition, as found from the evidence. This does not take into consideration whether or not the appellant was damaged in that he paid approximately $300 for an insurance premium on the truck, procured by the seller of the trailer, for which he was charged in calculating the aggregate amount of the note sued on, and on which the appellant was charged a commission on the premium by the appellee, and such insurance was evidently not as valuable to the appellant as it would have been if the property had not been incorrectly described in the insurance policy.

We have concluded to reverse and remand the cause in order that the note and deed of trust may be disregarded and the appellee relegated to the right to assert his purchase money lien against the trailer in the amount

that may be legally and equitably due him under the facts and circumstances herein set forth.

Reversed and remanded.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.