WASHINGTON FIRE & MARINE INSURANCE COMPANY *v.* WILLIAMSON

No. 40700          March 10, 1958          100 So. 2d 852

*Billups* & *McCoy*, Jackson, for appellant.

*Leon L. Shelton*, Jackson, for appellee.

McGEHEE, C. J.

The Washington Fire & Marine Insurance Company, the appellant herein, issued to the appelle Tom Williamson its policy of insurance, which insured his automobile described as a 1949 Ford Station Wagon, against injury and damage to the same by reason of collision or overturn or other casualties on the highway by which the said automobile might become damaged, and with a $50 deductible clause in such policy, which required that the insured should bear any damage caused to him to the extent of the first $50 of such damages.

On January 17, 1954, the appellee Tom Williamson was involved in a collision of his automobile with that of one Futhey Pressley. As a result of the said collision the damages to the said Ford Station Wagon amounted to the sum of $257.88, which the appellant insurance company claimed that it was compelled to adjust and pay, for the benefit of the insured.

Thereupon the insured executed a proof of loss statement and subrogation agreement, whereby he assigned to the insurance company all of his claims against the said Futhey Pressley to the extent of the amount of said damages. The said subrogation agreement empowered and authorized the insurance company to institute any necessary action against Futhey Pressley for the recovery of the damages caused to the said Ford Station Wagon of Tom Williamson. The said agreement provided that no release, discharge or settlement of any claim or de-

mand against any third person would be made and that the insured would co-operate fully with the insurance company in the prosecution of its claim against Futhey Pressley for the recovery of the damages paid by said company for the benefit of the appellee Tom Williamson. The subrogation agreement was attached as an exhibit to the declaration of the insurance company against the appellee Tom Williamson in the case.

The appellee was called as an adverse witness, and he admitted that he had this $50 deductible policy with the appellant insurance company and admitted that he had a wreck with the said Pressley as alleged in the declaration; that the insurance company paid him the sum of $257.88 as a result of this wreck by paying the same to the Chevrolet Company at Jackson, Mississippi, for his benefit in the repair of his said Ford Station Wagon. He also admitted having signed the subrogation agreement and that he knew that the insurance company held the subrogation rights against the said Futhey Pressley, and that on the 19th day of March, 1954, he executed a ''Highway Bureau Release'' in favor of Pressley and that Pressley signed such release in his favor. The subrogation agreement signed by Tom Williamson in favor of the insurance company was introduced to evidence.

Futhey Pressley was introduced as a witness for the plaintiff and he admitted that he was involved in an automobile accident with the said Tom Williamson on January 17th, 1954, and testified that his own automobile was also damaged; that Williamson had come to the office of the witness and told him that he had secured employment which necessitated him having a driver's license and that he could not get his driver's license until the controversy was settled, and that on the basis of this representation he signed a release to Williamson in return for a release from Williamson to him.

A blank form of release was introduced in evidence as an exhibit to the testimony of the witness Futhey

Pressley, addressed to the State of Mississippi, Department of Public Safety, Safety-Responsibility Bureau, Jackson, Mississippi. The original of this release was not introduced in evidence, but both the appellee Williamson and the witness Pressley testified that they had executed a release whereby they discharged each other from all claims and causes of action arising from the above mentioned accident.

■■ This suit is essentially one for damages against the appellee Tom Williamson on account of the $257.88 paid by the appellant insurance company on account of the damages to the appellee's automobile when he and the witness Pressley had a collision, and the claim is that the appellee wrongfully released Pressley from all claims for damages arising out of the collision, after he had executed an assignment and subrogation agreement to the insurance company. But there is no proof whatsoever in the record as to whether or not Williamson had an enforcible claim for damages against the witness Pressley, there being no proof as to whether the negligence of Pressley was either a contributing or the sole proximate cause of the collision. Of course the insurance company was subrogated only to whatever rights Williamson may have been entitled to enforce against the witness Pressley, and it was not shown as to whether he had an enforcible claim or not.

In the Illinois case of Inter Insurance Exchange of Chicago Motor Club v. Anderson, et al, 73 N. E. 2d 12, it was shown that the appellee Anderson had a property damage policy with the appellant insurance company; and that his car and that of one Kuntz collided at an intersection. The insurance company paid the damage in the sum of $380.68 less a $25.00 deductible amount, and Anderson subrogated his rights to the insurance company. Later Kuntz paid to Anderson the sum of $75.00, and Anderson executed to him a general release. The insurance company sued both Anderson and Kuntz. The lat-

ter denied that he was guilty of any negligence, and also set up the release from Anderson in bar of the action. The court found that Kuntz was in fact guilty of negligence and that Anderson had breached his subrogation agreement with the insurance company. It was said that the release, given by Anderson, prevented the insurance company from enforcing its subrogation rights against Kuntz, and the court held that "Anderson must return to plaintiff (the insurance company) what he received from it." This case would be in point except for the fact that no negligence was either alleged or proved on the part of Pressley in connection with the collision between his car and that of the appellee Williamson. Cf. Hamilton Fire Ins. Co. v. Gregor, 158 N. E. 60, 55 A. L. R. 921, and 50 Am. Jur., Subrogation, Section 110, pp. 752-3.

No point is made on this appeal that the trial court should have granted an instruction in favor of the insurance company for at least nominal damages, and no such instruction was asked for. That question is not before us and we are of the opinion that the trial court was correct in granting a peremptory instruction in favor of the appellee Tom Williamson, in view of the total absence of any proof that he had any enforcible right against Pressley for damages, to which the insurance company had been subrogated, there being no proof whatsoever as to whether the negligence of Williamson or that of Pressley was the sole proximate cause of the collision, or as to whether any negligence of Pressley was the contributing cause of the collision. The action of the trial court in granting a peremptory instruction in favor of the appellee Williamson as to the $257.88 paid out by the insurance company for the repair of his Station Wagon must therefore be affirmed.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.,* concur.