UNITED STATES FIDELITY & GUARANTY COMPANY *v.* COVERT

No. 41965        October 9, 1961        133 So. 2d 403

(1)

*Natie P. Caraway,* Meridian, for appellant.

*Miller & Adams,* Meridian, for appellee.

RODGERS, J.

This case came to this Court from the Circuit Court of Lauderdale County, Mississippi, in which the appellant had filed a declaration against the defendant charging that the appellant had issued a collision insurance policy in favor of the defendant covering a 1954 Cadillac Coupe, and insuring the defendant against damages to the automobile by collision, less $50. The declaration charged that in December 1955 the automobile was damaged in a collision with a car operated by C. B. Sanderson, to the extent of $628.91. The insurance policy contained a subrogation clause in which it was agreed that in the event of payment of damages by the insurance company it would be subrogated to the insured's right of recovery against persons or organizations causing the damages, and it was agreed that the insured would execute and deliver instruments and papers to secure said rights, and further, that the insured would do nothing after the loss to prejudice such rights. The declara-

tion alleges that the insured paid for the repair to her automobile and that the defendant entered into a written agreement and subrogation receipt under date of May 2, 1956, agreeing to subrogate the insurance company to "all rights which the undersigned may have against any person, firm, or corporation liable for the loss mentioned above, and authorizes the company to sue, compromise, or settle in the undersigned's name, or otherwise, all such claims, and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned. * * * and that no such settlement will be made or release given by the undersigned without the written consent of the Company."

It is alleged that after appellee had signed and delivered the assignment and subrogation to the insurer, the insured filed a suit on April 27, 1957, in the Circuit Court of Lauderdale County demanding judgment against C. B. Sanderson, tort feasor, in the sum of $28,250.00, a part of which was the amount necessary to repair her automobile. Later, the defendant signed and delivered a certain release to C. B. Sanderson in consideration of the sum of $9,000, under date of December 13, 1955, in which she released C. B. Sanderson from "all claim or claims, demands, damages, actions, causes of action, suit or suits, or anything whatsoever, resulting or to result to us and/or either of us by reason of that certain accident which occurred on or about the 13th day of December, 1955, * * * (Here describing the accident and setting up physical and mental pain and disability), and automobile of the parties was damaged." The release further stated "and releasing all liability, all injuries and damages alleged or attempted to be alleged in the declaration."

The appellant filed suit against the appellee for the money theretofore paid to the appellee for the damages to her automobile. Appellant attached a copy of the

written assignment of the cause of action for the damage to the automobile to the declaration.

The appellee filed her answer in the lower court admitting the accident and admitting the insurance company paid to her "a part of the cost of repairing said automobile", and charging that the insurance company was estopped from bringing any action of subrogation because of negligence and failure to put C. B. Sanderson and his insurance company on notice, in reference to said subrogation, and asserted that under the original policy the insurance company was indebted to the defendant for the sum of $500 because of the employment of attorneys and loss of time and earnings during the period while defendant was in court. The plaintiff filed an amended declaration to which the defendant filed an amended answer; whereupon the plaintiff demurred to the amended answer insofar as it sought a counterclaim of $500. This demurrer was sustained and the plaintiff answered the affirmative matter set up in defendant's answer with reference to an estoppel and moved to strike a part of the answer. A jury was empaneled and the case was then heard in the Circuit Court of Lauderdale County. At the end of the testimony introduced in the trial, the jury was retired and the defendant made a motion for a directed verdict upon the grounds that: (1) The insurance policy on which the payment was made to the defendant was not attached to the declaration and no profert was made of such insurance policy; (2) that the United States Fidelity and Guaranty Company had only such rights against C. B. Sanderson as Mrs. Covert would have had, and that a release in the settlement of a damage suit is no evidence of negligence. The court sustained the motion for a directed verdict and entered a final judgment against the claim of the appellant. The appellant then appealed to this Court from an order overruling a motion for a new trial.

The questions to be determined here are: (1) Can an insurer maintain a cause of action based upon a written subrogation, without attaching the insurance policy on which the subrogation is based? (2) Was it necessary that the insurer show in evidence that the claim assigned to it from the insured was based upon the negligent acts of a tort-feasor in order to recover against the insured?

Under Section 1448, Miss. Code 1942, Recompiled, we find that "The assignee of any chose in action may sue for and recover on the same in his own name * * *" But is this "subrogation receipt" such an assignment as will permit a suit to be brought thereon?

In the case of Oxford Production Credit Association v. The Bank of Oxford, 196 Miss. 50, 16 So. 2d 384, a suit was brought in the name of the appellants in which appellee sought to recover the amount of checks and a draft drawn by Oxford Production Credit Association upon the Bank of Oxford and paid by the defendant bank upon forged endorsements of the names of the payees, and charged by the Bank to the account of the Oxford Production Credit Association. The real party plaintiff was Fidelity and Casualty Company of New York. The casualty company had paid the loss to the Oxford Production Credit Association under a contract of insurance, in which the casualty company was liable to the appellant. Upon the payment the appellant assigned its interest in the claim against the bank to the casualty company. The casualty company first filed a claim in its own name in the Circuit Court of Montgomery County, and when this case was dismissed, the casualty company required the appellants to file suit in the name of the insured, Oxford Production Credit Association. The Court pointed out, as follows: "On the first question, the proof shows that after the Surety dismissed its action in the lower court in Montgomery County, it requested the Association to institute in its name the proceeding in Lafayette County, and that the attorneys for the Surety prepared all of the

papers and pleadings and have prosecuted this suit and conducted all of the legal proceedings on behalf of the Association.'' The Court then quoted in full Section 505, Code 1930, which is the above-mentioned Section 1448, Miss. Code 1942, and said further: ''In Bolivar Compress Company, et al. v. Mallett, 139 Miss. 213, 104 So. 79, this Court held that an assignee of a chose in action assigned before suit may sue in the name of the original party or be substituted as a party-plaintiff for the assignor, but in either event the suit is that of the assignee. The Court in that case said: 'We have here the real party in interest bringing the action in the name of his assignor who has no interest whatever in the cause of action. The court has jurisdiction of the cause and of the defendants; and the plaintiff, although not before the court in name, is prosecuting the action through his attorneys * * *'

''(1) So, in the case at bar, it would be instituted and prosecuted in the name of the Association, but the suit is entirely for the benefit of the Surety. The Association has been paid and has itself no claim whatever against the Bank. The Surety is the real party-complainant.''

In the case of West v. Aetna Insurance Company of Hartford, Conn., 208 Miss. 776, 45 So. 2d 585, the insurance company brought a suit against the defendants, West Brothers Motor Express for damages that occurred to a truck belonging to Goodyear Yellow Pine Company.

The appellee insurance company insured a motor truck of Goodyear Yellow Pine Company against damages by collision. This truck was damaged by a collision with a truck of appellants, whereupon appellee settled with Goodyear, and pursuant to the subrogation clause in its policy took from Goodyear an assignment in its favor of the cause of action for the same damage. The insurance company then brought suit against the defendants and recovered a judgment, and the Court said: ''The next assignment is that the trial court erred in admitting

over appellants' objection the testimony of J. E. Mayo, Secretary of Goodyear Yellow Pine Company, wherein he identified the draft issued by Aetna in favor of Goodyear covering its liability under the policy and also the instrument, executed by Goodyear, whereby it assigned to Aetna the cause of action for the damage. This evidence was a necessary part of appellee's proof in establishing its right to bring the suit, and its admission was not error.''

██ █ The rule seems to be well-established that an insurance company can settle with an insured and take an assignment or a ''subrogation receipt'' assigning the property rights of the insured to the insurer, and on this written assignment the insurance company may proceed to sue in the name of the insured or the insurance company. See Section 1743, 29 Am. Jur., p. 818; Underwriters at Lloyd's Insurance Company v. Vicksburg Traction Co., 106 Miss. 244, 63 So. 455; Freed v. American Fire Insurance Co., 90 Miss. 72, 43 So. 947; 36 A. L. R. 1262; Universal Insurance Company v. Millside Farms, Inc., 119 N. J. L. 534, 197 A. 648; Farmer v. Union Insurance Company of Indiana, 146 Miss. 600, 111 So. 584; Frye v. Janow, 212 S. W. 2d 883.

In Iowa State Insurance Company v. Missouri Southern R. Co., 9 S. W. 2d 255 (Mo. 1928), the Court said: ''When plaintiff paid the fire claim, it became subrogated to the rights of the insured against defendant, and had recourse against defendant either by subrogation or under written assignment, it makes no difference which.''

██ █ Moreover, a right of action on a conventional subrogation against an insured who has released the wrongdoer for the money paid insured for damages is now generally accepted. 29A Am. Jur., Insurance, Sections 1719 and 1736; Cyclopedia of Insurance Law, Couch, Vol. 8, Secs. 2001-2002.

The appellee contended in the court below that the plaintiff did not introduce the insurance policy, so as

to show any contract between the appellant and the appellee; that no profert was made of such insurance policy, and that the suit was based upon the insurance contract, and that because Section 1470, Miss. Code 1942, Recompiled, expressly says: "A copy of any writing of which profert is made or ought to be made, in any pleading, shall be annexed to or filed with the pleading * * * and evidence thereof shall not be given at the trial unless so annexed or filed * * *''

The appellant cites the case of Washington Fire and Marine Insurance Company v. Willamson, 100 So. 2d 852 (Miss.), as authority for the proposition that the insurance policy should have been attached to or filed with the declaration, but a careful reading of the Williamson case will reveal that it was based on a subrogation receipt attached to the declaration.

In the case of General Exchange Insurance Corporation v. Driscoll, 52 N. E. 2d 970 (Mass. 1944), the insurance company had insured one Campion against damages to his automobile by collision. Campion's automobile was in a collision with an automobile owned by one Cohen and driven by one Sigel, and was damaged, and the insurance company paid Campion $450 under its insurance policy and took from him a "subrogation agreement" (in words similar to the words in the subrogation agreement attached to the declaration in the case at bar.) The insured Campion also sustained personal injuries in the collision. He brought suit through the defendant Driscoll, against Cohen and Sigel, including property damages. The insurance company notified Driscoll, the attorney for Campion, and the insurance company who had the coverage on the automobile of Cohen. The defendant and the attorney for Campion settled the case, and two checks were delivered to the attorney, one for property damages, and one for personal injury. The attorney paid these checks over to his client, less his fee, but the Court in that case held: "Although the rights

of the plaintiff are equitable in their origin and nature, nevertheless this action can be maintained for money had and received. * * * In general, an action for money had and received will lie where the defendant has received money or its equivalent which in equity and good conscience belongs to the plaintiff.''

We, therefore, in accordance with the above authorities, hold that an insurance company may obtain a written assignment of a cause of action growing out of a loss under a policy for damages caused by a collision from the insured, and may file a suit against the tort-feasor, and if the insured releases the wrongdoer who caused the damages, the insurer may recover the money paid the insured.

In the case at bar it was not necessary to file a copy of the insurance policy with the declaration because the action is based upon the written assignment called ''subrogation receipt'' rather than upon the insurance contract. It is only necessary to file written copies of evidence under Section 1470, Code 1942, when the cause of action is based upon the writing of which profert is made or ought to be made. See Sullivan v. McCormick, 228 Miss. 881, 90 So. 2d 7.

The Circuit Judge sustained the motion of the appellee alleging that it was necessary to show that there was an enforceable claim against C. B. Sanderson. It is true that the insurance company must have alleged and established by evidence that the damage done to property of the insured for which payment was made by the insurer was done either as a direct and proximate result of the wrongful acts of the tort-feasor, or that the tort-feasor contributed to such damage for which he would have been liable to insurer except for the fact that he had been released by the insured. See Washington Fire and Marine Insurance Company v. Williamson, 233 Miss. 33, 100 So. 2d 852.

■■ It is not necessary to offer in evidence matters admitted in the answer or those alleged in the declaration and not denied in the answer. See Section 1475.5, Miss. Code 1942, Recompiled.

■■ In the case at bar the appellant alleged in paragraph 4 of the declaration ''That the aforementioned automobile accident was caused by the negligence of C. B. Sanderson, such negligence being either a contributing or the sole proximate cause of the collision, and defendant had an enforceable right against C. B. Sanderson for damages.'' The defendant Mrs. Ann Covert answered as follows: ''In answer to paragraph 4 of the amended declaration she admits that the negligence of C. B. Sanderson was a contributing cause to said accident.''

It is the opinion of this Court, and we now hold, that the appellant made out a cause of action against the appellee by the pleadings and the evidence introduced, and that the learned Circuit Judge erroneously directed a verdict for the defendant. The appellant is therefore granted a new trial and the case is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.