**34**

Patricia Elnora TOTTY, An Infant, By:
Mrs. S. M. Totty, Her Guardian,
Plaintiff,

v.

TRAVELERS INSURANCE COMPANY
and J. D. Snee, Defendants.

Civ. A. No. 2115.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 12, 1961.

Wilmon L. Richardson, Baton Rouge, La., for plaintiff.

C. W. Phillips, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for defendants.

WEST, District Judge.

The above cause came on regularly for trial and the Court having duly considered the evidence and the law, and being fully advised in the premises, now finds the following:

Findings of Fact

1.

Doctor Samuella V. Totty, age forty-three (43), was killed as a result of injuries received in a vehicular collision which occurred on September 4, 1957, on U. S. Highway 61, approximately twenty miles north of Vicksburg, Mississippi.

2.

Doctor Samuella V. Totty, driving her 1955 Oldsmobile sedan, collided with a 1954 truck and trailer owned by J. D. Snee Lumber Company, a partnership composed of J. D. Snee and Charles A. Snee, and being driven by its employee Curtis Brown in the course and scope of his employment for the company.

3.

The accident happened at approximately 5:45 a.m. on the morning of September 4, 1957, before dawn and at a time when the vision of both drivers was obscured by fog. At the point of the accident, U. S. Highway 61 is a two lane hard surface road approximately twenty feet wide with shoulder surface on each side, and runs generally north and south.

4.

According to Curtis Brown, the only witness called by the plaintiff to testify as to how the accident happened, the Oldsmobile driven by Doctor Totty was proceeding in a southerly direction on the highway and the truck and trailer driven by Brown was proceeding north. Brown first observed the lights of the approaching Totty automobile at some distance but because of the fog did not become

aware that the Oldsmobile was being driven in the easternmost or north-bound lane of travel in such a manner that the path of the truck which was being operated within its proper lane and the automobile coincided until the automobile was a short distance away from his truck.

5.

Upon observing that the approaching car was in his lane of travel, Brown applied the brakes to his truck, pulled onto the east shoulder and traveled for a distance of approximately fifty (50) feet on the shoulder before being struck by the automobile driven by the decedent. There is no evidence that the decedent turned her car to the right or took any evasive action to avoid colliding with the truck which at the moment of the collision was situated partially in the east lane of travel and partially on the eastern shoulder of the road.

6.

The automobiles came together with great force and the Oldsmobile was found on its top off the west shoulder of the road south of the point of impact. The truck and trailer driven by Curtis Brown came to rest a short distance north of the point of impact and in a deep ditch off the east shoulder of the road.

7.

The decedent was pinned under her automobile and Curtis Brown and other persons who came to the scene raised the car off her body and placed her on the shoulder of the road. She was apparently conscious for a time after being placed on the shoulder of the road because both Brown and one of the persons who came to the scene testified that she asked where she was, mentioned Mound Bayou (Mississippi) and asked to be made more comfortable. She was then taken from the scene by ambulance and died shortly thereafter. Immediate cause of death was shown to be a basal skull fracture.

8.

Mrs. S. M. Totty, mother of Doctor Samuella V. Totty, asserts this claim for damages in her capacity as guardian of the minor Patricia Elnora Totty, allegedly the daughter of the decedent. There was no proof as to the identity of the father of the minor.

9.

As the conclusion of plaintiff's case, defendants moved for dismissal on the ground that plaintiff failed to adduce any evidence whatsoever from which it could be implied that Curtis Brown, operator of the defendants' truck, was guilty of any negligent act or omission which proximately caused the accident and the death of Doctor Samuella V. Totty, and that upon the facts and law the plaintiff had shown no right to relief.

Conclusions of Law

1.

The Court has jurisdiction of the parties and the subject matter under the diversity statute. 28 U.S.C.A. § 1332.

2.

██ The accident occurred in Mississippi and the law to be applied in this case is the law of Mississippi. Erie R.R. Co. v. Tompkins, (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Smith v. Northern Insurance Company of New York, 120 So.2d 309 (La.App.Orl., 1960) (Cert. Den.).

3.

██ Under Mississippi law, drivers of vehicles proceeding in opposite directions shall pass each other to the right and all automobiles required to keep to the right of the center line of the highway. Mississippi Code Annotated, Vol. 6, Sec. 8181, 8182; West v. Aetna Insurance Co. of Hartford, Conn., 208 Miss. 776, 45 So. 2d 585.

4.

██ There being no evidence adduced by the plaintiff to establish any negligence on the part of defendants, or anyone for whom they would be held legally liable, defendants' motion to dismiss at the conclusion of plaintiff's case is granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,

**36**

the plaintiff having shown no right to relief upon the facts and the law.

Judgment in conformity with the findings and conclusions here expressed should be presented.